BAILEY, Judge,
dissenting.
The majority concludes that the State did not produce competent evidence of the damages Iltzsch’s burglary caused to Whittemore, and thus vacates the restitution order the State sought and the trial court imposed upon Iltzsch. While I agree with the majority that there is insufficient evidence to support the amount awarded in restitution, I do not agree with its conclusion that the State is not entitled to conduct a new restitution hearing. I therefore respectfully dissent.
Under Indiana Code section 35-50-5-3, a trial court may order an individual convicted of a crime to make restitution to the victim of the crime “in addition to any sentence imposed.” Ind.Code § 35-50-5-3(a). The statute goes on to set forth those expenses for which a trial court may order restitution; among these are “property damages of the victim incurred as a result of the crime, based on the actual cost of repair” or replacement. I.C. § 35-50-5-3(a)(l). “The purpose behind an order of restitution is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense.” Carswell v. State, 721 N.E.2d 1255, 1259 (Ind.Ct.App.1999) (emphasis added).
The majority notes that “[t]he State had a full and fair opportunity to obtain and present evidence concerning Whittemore’s actual loss” yet failed to do so. Op. at 415. Yet vacating the restitution order and foreclosing the State from presenting competent evidence upon remand does nothing to advance the purposes of a restitution order. It certainly creates more frustration for the victim of Iltzsch’s offense, who, if he is to obtain relief, now faces the additional time and expense to pursue a civil action against Iltzsch. And it does nothing for an overburdened court system which will be asked to undertake duplica-tive and less-effective efforts at collecting damages caused by Iltzsch’s criminal acts.
*416 The majority points to this court’s decision in Cooper v. State, 831 N.E.2d 1247 (Ind.Ct.App.2005), as vacating a trial court’s restitution order. Yet Cooper is readily distinguishable from the case now before us. The Cooper court concluded that there was no evidence in the record to establish that a restitution order of any kind was appropriate because the lost wages to which the victim’s parents laid claim were not shown to have any necessary connection to the effects of the offense. Id. at 1253-54 (noting “there is no documentation in the record before us that the lost wages claimed ... were for work absences occasioned by the counseling sessions,” nor was there evidence “to indicate any basis for [the victim’s] stepmother having had to miss work”). There is no question that Whittemore’s belongings were disturbed; unlike Cooper, only the amount of WTiittemore’s loss is at issue, not its cause. See I.C. 35-50-5-3(a)(l).
A restitution order is much more effective in collecting damages than any civil suit, and following the majority’s approach simply victimizes Whittemore once more while imposing additional, unnecessary burdens on the trial court. I would remand this matter to the trial court to require the State to do its job and pursue restitution for Whittemore with competent evidence, or otherwise advise the court that it does not intend to pursue restitution on the victim’s behalf. I must therefore respectfully dissent.